THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **JONATHAN HILLBERY,**<br><br>Plaintiff,<br><br>v.<br><br>**NU SKIN ENTERPRISES UNITED STATES, INC.; and NU SKIN INTERNATIONAL, INC.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-cv-00464-TC-JCB<br><br>**District Judge Tena Campbell**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Jonathan Hillbery's ("Mr. Hillbery") Motion to Stay Arbitration Pending Motion to Compel Arbitration in State Court.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court denies Mr. Hillbery's motion.

## BACKGROUND

On July 28, 2021, Mr. Hillbery initiated this case by filing a complaint against Defendants Nu Skin Enterprises United States, Inc. and Nu Skin International, Inc. (collectively,

---

[1] ECF No. 9.

[2] ECF No. 64.

"Defendants").³ Mr. Hillbery later filed an amended complaint against Defendants on September 2, 2021.⁴

On September 16, 2021, Defendants moved to compel arbitration of Mr. Hillbery's claims and to stay this case pending completion of arbitration.⁵ In a January 25, 2022 Memorandum Decision and Order, Judge Campbell granted Defendants' motion, ordered that an arbitrator must determine the arbitrability of Mr. Hillbery's claims against Defendants, and stayed this case pending the outcome of the arbitration proceedings.⁶ After the parties were unable to agree upon an arbitrator, Defendants moved the court to appoint an arbitrator.⁷ On June 2, 2022, Judge Campbell granted Defendants' motion and appointed David W. Slaughter ("Mr. Slaughter") as the arbitrator.⁸

After conducting a hearing on the issue of the arbitrability of Mr. Hillbery's claims against Defendants in this case, Mr. Slaughter ruled on February 10, 2023, that those claims were subject to arbitration.⁹ Mr. Slaughter also ordered the parties to negotiate and submit a scheduling order to govern the arbitration by March 31, 2023.¹⁰

---

³ ECF No. 2.
⁴ ECF No. 16.
⁵ ECF No. 18.
⁶ ECF No. 46.
⁷ ECF No. 49.
⁸ ECF No. 55.
⁹ ECF No. 65-3.
¹⁰ *Id*. at 15 of 15.

On March 24, 2023, before the deadline for submitting a scheduling order, Mr. Hillbery submitted to Mr. Slaughter a Demand for Arbitration, which asserted new causes of action and sought to add new parties to the arbitration.[11] Defendants moved to strike the Demand for Arbitration on the grounds that Mr. Slaughter did not have jurisdiction over the new parties and that joinder of the new parties would disrupt and delay the arbitration.

On April 14, 2023, Mr. Slaughter issued a written ruling by way of an email to the parties' counsel, which states:

> To confirm my ruling on the question of joining the additional parties to the pending arbitration before me, or consolidating the arbitration under the new demand with this existing arbitration, I have determined that I lack authority to order either joinder or consolidation. . . . Absent the consent of all parties that Mr. Hillbery seeks to join in the dispute, or a court order both compelling arbitration of the claims against the added parties and consolidating or joining those claims with the current arbitration, the arbitration over which I have any jurisdiction or authority is limited to the dispute (as [pled]) between Mr. Hillbery and [Defendants] alone.[12]

Mr. Slaughter also noted that Mr. Hillbery had voiced plans to: (1) move to compel arbitration of his claims in the Demand for Arbitration and to consolidate those claims with the arbitration of the claims in this case; and (2) move to stay the arbitration pending a decision on his motion to compel and consolidate.[13] Mr. Slaughter ordered that Mr. Hillbery was required to file those motions on or before April 28, 2023, and that, if Mr. Hillbery did not file the motions by that date, the arbitration of the claims in this case would move forward.

---

[11] ECF No. 65-4.

[12] ECF No. 65-5 at 2 of 2.

[13] *Id.*

On April 28, 2023, Mr. Hillbery filed the motion currently before the court.[14] Although beyond Mr. Slaughter's ordered deadline, Mr. Hillbery also filed a motion to compel arbitration on May 2, 2023, in Third District Court in Salt Lake County, Utah.[15] In his state-court motion, Mr. Hillbery seeks to compel arbitration of the claims in his Demand for Arbitration and to consolidate those claims into the arbitration of the claims in this case. In the motion before this court, Mr. Hillbery seeks to stay the arbitration of his claims in this case until a decision is rendered on his state-court motion.

## ANALYSIS

The court denies Mr. Hillbery's motion because the court does not have authority to interfere with the ongoing arbitration of his claims against Defendants in this case.

> [T]he [Federal Arbitration Act ("FAA")] does not authorize the court to interfere with ongoing arbitration proceedings by making interlocutory rulings concerning the arbitration. Under the FAA, the court's role is limited to determining, first, the issue of whether arbitration should be compelled. If so, then the court may next confirm, vacate, or modify the award. The court may not, however, interfere with the ongoing arbitration proceeding.[16]

---

[14] ECF No. 64.

[15] ECF No. 65-6.

[16] *In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, 370 F. Supp. 2d 1135, 1138 (D. Kan. 2005) (citations omitted); *see also LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 903 (D.C. Cir. 1998) (providing that the FAA "contemplates that courts should not interfere with arbitrations by making interlocutory rulings"); *Smith, Barney, Harris Upham & Co. v. Robinson*, 12 F.3d 515, 520-21 (5th Cir. 1994) ("The district court cannot interfere with an arbitration proceeding—without abusing its discretion—if a valid arbitration agreement exists and the specific dispute falls within the substance and scope of that agreement. The court can then only affect those proceedings by vacating, modifying, or correcting an award after it is rendered." (footnotes omitted)).

Mr. Hillbery erroneously assumes that federal district courts have unfettered supervisory authority over arbitration proceedings. When Judge Campbell ordered Mr. Hillbery's claims to arbitration and stayed this case, she did not refer this case to some private branch of the federal judiciary and allow this court to maintain supervisory powers over the arbitration. To the contrary, she ordered this case to arbitration, which is a private action. Because Congress enacted the FAA to require the federal judiciary to recognize the private nature of arbitration proceedings, this court cannot interfere with the ongoing arbitration between Mr. Hillbery and Defendants currently before Mr. Slaughter.

Mr. Hillbery relies upon several arguments to support his motion, none of which has merit. Mr. Hillbery first argues that he "initiated arbitration on March 24, 2023, by filing his Demand for Arbitration"[17] and that Mr. Slaughter later "determined that he does not have jurisdiction over the claims and parties listed in" the Demand for Arbitration.[18] Thus, according to Mr. Hillbery, "there is no one to arbitrate [his] Demand for Arbitration" because of Mr. Slaughter's jurisdictional ruling.[19] That argument fails for two reasons. First, Mr. Hillbery's Demand for Arbitration did nothing to supersede Judge Campbell's order that the claims in this case are subject to arbitration. Importantly, Mr. Hillbery cites no authority for that proposition. Second, Mr. Hillbery mischaracterizes Mr. Slaughter's ruling, which indicates only that Mr. Slaughter lacked jurisdiction to join the new parties or order consolidation of Mr. Hillbery's claims in his Demand for Arbitration into the court-ordered arbitration of the claims in this

---

[17] ECF No. 64 at 4.
[18] *Id.* at 5.
[19] ECF No. 66 at 4.

case.[20] Moreover, Mr. Slaughter's ruling contradicts Mr. Hillbery's position by explicitly stating that "the arbitration over which I have any jurisdiction or authority is limited to the dispute (as [pled]) between Mr. Hillbery and [Defendants] alone."[21]

Mr. Hillbery next argues that unless the arbitration is permitted to go forward with the new parties contained in his Demand for Arbitration, he will be unable to obtain full relief. That argument fails for three reasons. First, Mr. Hillbery never sought to include the new parties in this lawsuit, which he filed in this court in the first instance. Had he needed to add the new parties to obtain full relief, he could have done so but did not. Moreover, neither Mr. Hillbery nor Defendants sought to join any of the new parties as necessary under Fed. R. Civ. P. 19 prior to this case being stayed. Second, to the extent that Mr. Hillbery has claims against the new parties, nothing is stopping him from pursuing those claims in state court, which is where his motion to compel arbitration is pending. This is especially true where, as here, the new parties apparently contend that they are not subject to an arbitration agreement that would require them to participate in the ongoing arbitration proceeding involving only Mr. Hillbery and Defendants. Finally, Mr. Hillbery does not cite a single case or provide any argument based on the FAA's ordinary meaning for the proposition that a federal court can stay a private arbitration for completion of a *state* court proceeding. Such is inconsistent with federal jurisdiction.

Mr. Hillbery also argues that the ongoing arbitration of his claims in this case should be stayed because the new parties and new claims in his Demand for Arbitration should be added to the arbitration under Fed. R. Civ. P. 15, 18, 19, and 20. Given that this case is stayed, any issues

---

[20] ECF No. 65-5 at 2 of 2.

[21] *Id.*

related to amendment of pleadings or joinder of claims and parties are not—and cannot—be before the court. Thus, those rules have no bearing on whether the court should stay the arbitration.

Finally, Mr. Hillbery argues that the court should stay the arbitration because it serves the interests of economy and justice. However, Mr. Hillbery fails to provide any authority for the proposition that an *arbitration* can be stayed for those reasons. Instead, Mr. Hillbery cites only authority for the proposition that a *case* can be stayed. Accordingly, the court rejects this unsupported argument.

### CONCLUSION AND ORDER

As demonstrated above, the court does not have authority to interfere with the ongoing arbitration of Mr. Hillbery's claims against Defendants in this case, and Mr. Hillbery's arguments in support of his motion are without merit. Therefore, the court DENIES Mr. Hillbery's Motion to Stay Arbitration Pending Motion to Compel Arbitration in State Court.[22]

IT IS SO ORDERED.

DATED this 23rd day of June 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[22] ECF No. 64.