IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| JONATHAN HILLBERY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NU SKIN ENTERPRISES UNITED STATES, INC. and NU SKIN INTERNATIONAL, INC.,<br><br>　　　　　　Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Case No. 2:21-cv-464<br><br><br>District Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Defendants Nu Skin Enterprises United States, Inc. and Nu Skin International, Inc. (together, Nu Skin) filed a motion to confirm the arbitration award (ECF No. 71) issued by arbitrator David W. Slaughter on February 22, 2024. Plaintiff Jonathan Hillbery did not file a response to the motion. For the reasons stated below, the court grants Nu Skin's motion and confirms the arbitration award.

## BACKGROUND

Mr. Hillbery, a former distributor of Nu Skin's skin care, personal hygiene, and nutritional supplement products, sued Nu Skin on July 28, 2021. (See Compl., ECF No. 2.) In his complaint, Mr. Hillbery asserted claims for defamation and intentional interference with economic relations. (See id. ¶¶ 64–73.)[1] He alleged that despite his persistent work and success distributing for Nu Skin, Nu Skin forced him out of his work and issued statements that disparaged him. (See ECF No. 2 at ¶ 2.)

---

[1] On September 2, 2021, Mr. Hillbery amended his complaint but asserted the same causes of action against Nu Skin. (See Am. Compl., ECF No. 16 at ¶¶ 63–72.)

Shortly after Mr. Hillbery brought this lawsuit, Nu Skin filed a motion seeking to compel Mr. Hillbery to arbitrate his claims, as required by Nu Skin's Policies and Procedures governing its distributors.  (See Mot. Compel. Arbitration, ECF No. 18 at 2.[2])  Nu Skin also requested that the court stay the lawsuit until the arbitrator issued a final order.  (See id.)  The court granted Nu Skin's motion to compel arbitration and stayed the case for the duration of the arbitration.  (See Order Granting Mot. Compel. Arbitration, ECF No. 46 at 11.)  The parties failed to agree on an arbitrator, resulting in the court's appointment of Mr. Slaughter.  (See Order Granting Mot. to Appoint Arbitrator, ECF No. 55.)

The arbitration proceeded in two phases.  The first addressed the arbitrability of Mr. Hillbery's claims, while the second addressed the merits of Mr. Hillbery's claims.  (See Lewis Francis Decl. & Exs., ECF No. 71-1 at ¶ 4.)  On February 10, 2023, Mr. Slaughter found that Mr. Hillbery's claims were required to be arbitrated and ordered the parties to negotiate and submit a new scheduling order to arbitrate the merits of the claims.  (Id. ¶ 5.)  Mr. Hillbery asked the court to stay Mr. Slaughter's order while he brought additional parties into the arbitration, but the court denied his request.  (See Mot. to Stay Arbitration, ECF No. 64; see also Order Denying Mot. to Stay Arbitration, ECF No. 67 at 4 ("The court denies Mr. Hillbery's motion because the court does not have authority to interfere with the ongoing arbitration of his claims against Defendants in this case.").)  Mr. Slaughter entered a new scheduling order to govern the second phase of the arbitration on July 10, 2023.  (ECF No. 71-1 at ¶ 7.)  Mr. Hillbery filed a voluntary motion to dismiss his claims with prejudice on November 15, 2023.  (Id. ¶ 8.)

On November 27, 2023, Mr. Slaughter issued a partial final award, ruling and order granting Mr. Hillbery's voluntary motion to dismiss with prejudice.  (Id., Ex. D at 75–81.)  Mr.

---

[2] Citations throughout the order are to PDF pages rather than internal document pages.

Slaughter ordered further briefing on Nu Skin's entitlement to fees, costs, and other expenses and on the issue of whether Nu Skin violated the Protective Order and should be sanctioned. (See id. at 80.) After further briefing, Mr. Slaughter issued a final award, ruling and order. (See id., Ex. E at 83–94.) The order denied Mr. Hillbery's motion for sanctions and awarded $821,126.19 in fees and costs to Nu Skin. (Id. at 94.) Mr. Slaughter issued an amended final award, ruling and order after Nu Skin identified a mathematical error in the final award. (See id. ¶ 11.) The amended final award—constituting a resolution of all claims and issues in the arbitration—ordered Mr. Hillbery to pay Nu Skin $753,923.94 in fees and costs. (Id., Ex. F at 106–07.)

## LEGAL STANDARD

The Federal Arbitration Act provides that if parties in an agreement "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration … the court must grant … an order [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11[.]" 9 U.S.C. § 9; see also Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."). The court may vacate the award "(1) where [it] was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators … ; (3) where the arbitrators were guilty of misconduct … ; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them[.]" 9 U.S.C. § 10. Section 11 states that the court may issue an order modifying or correcting the award only where "there was an evident material miscalculation of figures or an evident material mistake[,]" where "the arbitrators have awarded upon a matter not submitted to them," or where "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

## ANALYSIS

During the arbitration, Mr. Slaughter found that Mr. Hillbery was bound by Nu Skin's 2010 and 2018 Policies and Procedures,[3] which contained a provision stating that "[j]udgment upon the award rendered by the arbitrator may be entered in any court within the state of Utah." (See ECF No. 71-1, Ex. A at 18 ("Claimant Jonathan Hillbery is bound by the arbitration agreement contained in its Policies and Procedures, including specifically the 2010 and 2018 versions[.]"); see also id., Ex. B at 50.)  Mr. Hillbery has not asserted any allegations of corruption, fraud, undue means, misconduct, miscalculation, or any other ground set forth in sections 10 and 11.  See 9 U.S.C. §§ 10, 11.  Accordingly, the court must grant Nu Skin's motion to confirm the award.

## ORDER

For the reasons stated above, the court GRANTS Nu Skin's motion to confirm the arbitration award (ECF No. 71) and directs the Clerk of Court to close the case.

DATED this 15th day of March, 2024.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

---

[3] Nu Skin's 2010 and 2018 Policies and Procedures are identical.  (See ECF No. 71-1 at ¶ 6.)